McGREGOR W. SCOTT
United States Attorney
LAURA D. WITHERS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00081-NONE-SKO |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE JURY TRIAL AND EXCLUDE TIME UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| ANGELA MILTON, | DATE: November 17, 2020 |
| Defendant. | TIME: 8:30 a.m. |
| | COURT: Hon. Dale A. Drozd |

IT IS HEREBY STIPULATED by and between the parties hereto through their respective counsel, that the jury trial scheduled to begin on November 17, 2020, be continued to **June 1, 2021**.

This stipulation is entered into by the parties at the Court's request, given that the District Court is currently closed due to health and safety concerns related to the ongoing COVID-19 pandemic. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more indefinite, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date for the trial. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant Angela Milton, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for trial on November 17, 2020.

2. By this stipulation, the parties now move to continue the trial until June 1, 2021, and to exclude time between November 17, 2020, and June 1, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case has been either produced directly to counsel and/or made available for inspection and copying;

   b) Counsel for defendant took the case over from prior counsel, and first appeared at the end of 2020, shortly before the COVID-19 pandemic impacted counsel's ability to meet with her client in person and adequately prepare for trial;

   c) Counsel for defendant desires additional time to consult with her out-of-custody client who has been unable to consult due to the COVID-19 pandemic, to review the current charges, to review the discovery, and to prepare for trial;

   d) Counsel for defendant has other trials scheduled for Spring 2021, which impacts her ability for prepare for this trial and necessitates a trial date later in 2021 for defense preparation and continuity of counsel;

   e) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

   f) The government does not object to the continuance;

   g) Based on the above-stated findings, the ends of justice served by continuing the

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act; and

  h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 17, 2020 to June 1, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: October 16, 2020 | McGREGOR W. SCOTT<br>United States Attorney |
| | /s/ LAURA D. WITHERS<br>LAURA D. WITHERS<br>Assistant United States Attorney |
| Dated: October 16, 2020 | /s/ MEGAN T. HOPKINS<br>MEGAN T. HOPKINS<br>Counsel for Defendant<br>ANGELA MILTON |

**FINDINGS AND ORDER**

IT IS SO ORDERED.

 Dated: **October 16, 2020**       /s/ Dale A. Drozd
                UNITED STATES DISTRICT JUDGE